# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATHANIEL SLADE, | § | |
| | § | No. 321, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 9606015413 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 28, 2014
Decided: August 26, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## ORDER

This 26th day of August 2014, it appears to the Court that:

(1)     On June 17, 2014, the Court received Nathaniel Slade's notice of appeal from an undated Superior Court order, docketed on February 28, 2014, which denied his fourth motion for postconviction relief. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 31, 2014.

(2)     The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Slade to show cause why the appeal should not be dismissed as untimely filed.[1] Slade filed a response to the notice to show cause on July 17, 2014. He

---

[1] Del. Supr. Ct. R. 6(a) (ii).

contends that he received a copy of the Superior Court's order in the middle of March but did not know how when his notice of appeal was due.

(3)    The State filed a reply to Slade's response. The State argues that the 30-day appeal period is jurisdictional. Because Slade cannot show that his untimely filing is attributable to court personnel, his appeal must be dismissed.[2] The State argues that, even though the Superior Court's order was undated, Slade admits that he received the order in March and could have filed a timely appeal but, instead, Slade chose not to file his notice of appeal for another three months.

(4)    We agree. Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[6]

---

[2] *See Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829(1989).

[4] Del. Supr. Ct. R. 10(a).

[5] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

[6] *Bey v. State*, 402 A.2d at 363.

(5)     Slade failed to file his notice of appeal for more than three months after he received the Superior Court's order in this case. His failure to file a timely appeal clearly is not attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

_____
Justice

3